UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DAVID SUTHERLIN #271305,

        Plaintiff,        Case No. 2:10-cv-240

v.        Honorable Robert Holmes Bell

UNKNOWN DERUSHA, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Monticello. The Court will serve the complaint against

Defendants Derusha, Patrick, Bonney, Karr, Bray, Charlebolies, Feilding, Minroe, Adams, and Holman.[1]

**Discussion**

I.      Factual allegations

Plaintiff David Sutherlin #271305, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Resident Unit Officers Unknown Derusha, Unknown Patrick, Unknown Bonney, Unknown Karr, Unknown Bray, Unknown Charlebolies, Unknown Monticello, Unknown Feilding, Unknown Minroe, Unknown Adams, and Unknown Holman. Plaintiff alleges in his amended complaints[2] that he was drugged and sodomized by Defendants Derusha, Patrick and Bonney on September 23, 2007, by Defendants Karr, Bray, and Charlerbolies on August 6, 2008, and by Defendants Feilding, Minroe, Adams and Holman on August 20, 2008. Plaintiff seeks compensatory and punitive damages.

II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

---

[1] Plaintiff also seeks to sue "John Doe" Defendants. However, the court is unable to serve unknown parties. Therefore, the "John Does" are not parties to this action.

[2] Plaintiff was ordered to file an amended complaint using the proper form on December 7, 2010. In response to this order, Plaintiff filed three amended complaints (docket #14, #15, and #16), detailing the allegations. It appears that Plaintiff used three forms in order to have room to detail his claims against the named Defendants in the space allowed. These documents are best viewed as a single amended complaint.

more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 129 S. Ct. at 1949.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, ___ F.3d ___, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010 (holding that the *Twonbley/Ashcroft* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In his amended complaint, Plaintiff fails to allege that Defendant Monticello took part in any misconduct.  A party cannot be held liable under Section 1983 absent a showing that the party

personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).  Therefore, Defendant Monticello is properly dismissed.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant Monticello will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the amended complaint against Defendants Derusha, Patrick, Bonney, Karr, Bray, Charlebolies, Feilding, Minroe, Adams, and Holman.

An Order consistent with this Opinion will be entered.


Dated: January 3, 2011                                              /s/ Robert Holmes Bell
                                                                               ROBERT HOLMES BELL
                                                                               UNITED STATES DISTRICT JUDGE