UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID SUTHERLIN #271305,

       Plaintiff,

                                 File No. 2:10-CV-240

v.

                                 HON. ROBERT HOLMES BELL

UNKNOWN DERUSHA, et al.,

       Defendants.
                                   /

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On February 24, 2012, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motions for summary judgment (Dkt. Nos. 34, 80) be granted and that this case be dismissed in its entirety. (Dkt. No. 137, R&R.) On March 8, 2012, Plaintiff filed objections to the R&R. (Dkt. No. 141.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff filed a verified complaint in this action, and he has filed numerous affidavits in support of his claim that he was drugged and sodomized by the ten Corrections Officer Defendants on three dates in 2007 and 2008. (*See*, *e.g.*, Dkt. Nos. 1, 4, 5, 6, 9, 95.) The Magistrate Judge nevertheless recommends that summary judgment be entered in favor of Defendants because Plaintiff did not come forward with sufficient evidence to create an issue of fact for trial on his claim that Defendants drugged and sodomized him. On *de novo* review, this Court agrees with the Magistrate Judge's recommendation.

Plaintiff has made numerous nearly identical allegations against corrections officers at every prison in which he has been housed (at least six) over a nine-year period.[1] His allegations have been investigated, but Plaintiff's allegations are not supported by any medical records or other evidence. Plaintiff has failed to cooperate with the preservation and collection of evidence concerning these alleged assaults. The various psychologists that have examined Plaintiff about his allegations have concluded that Plaintiff is paranoid, delusional, and/or manipulative. In response, Plaintiff has come forward with nothing more than his same self-serving, conclusory, repetitive and unsupported affidavits. Plaintiff has not produced any evidence corroborating his fantastic claims. In light of this record, the Court agrees with the Magistrate Judge that Plaintiff's affidavits are not sufficient to create a genuine issue of material fact sufficient to survive Defendants' summary judgment motions.

---

[1] *See* Plaintiff's Feb. 2, 2012, Affidavit, with letter to Congressman John Conyers, Jr., complaining that Plaintiff had been repeatedly raped by corrections officers since 1999. (Dkt. No. 132.)

Plaintiff's 35-pages of objections to the R&R dispute virtually every statement in the R&R. Many of Plaintiff's objections are directed to statements made by Defendants or to statements contained in the psychological reports. Plaintiff is not accusing the Magistrate Judge of misrepresenting the record.

Plaintiff objects to being characterized as delusional, paranoid, malingering, or lacking in insight. Plaintiff asserts that he is not crazy or delusional, but mentally retarded. In light of his mental retardation, Plaintiff objects to the Magistrate Judge's failure to appoint counsel.

The Magistrate Judge did not characterize Plaintiff's mental condition. The Magistrate Judge simply recited the findings of the many mental health professionals who have examined Plaintiff. The Magistrate Judge did not err in his characterization of the evidence. Moreover, Plaintiff has provided no evidence other than his own affidavits in support of his contention that he is mentally retarded. (*See*, *e.g.*, Dkt. Nos. 95, 105.) The Court finds that there are no exceptional circumstances warranting the appointment of counsel. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Plaintiff objects to the Magistrate Judge's failure to mention Plaintiff's nine affidavits from four eye witnesses. The Magistrate Judge correctly focused his analysis on the issue of whether there was any factual support for Plaintiff's claim that he was drugged and sodomized by Defendants. The affidavits that are attached to Plaintiff's amended complaint

3

are not evidence that Plaintiff was drugged and sodomized. The affidavits mention "sexual harassment," but the only conduct referenced in the affidavits consists of sexual verbal harassment, verbal threats, the filing of fabricated misconduct tickets, and the falsification of documentation on grievances. (Dkt. No. 15, Ex. 2.) Nothing in these affidavits supports Plaintiff's claim that he was drugged and sodomized by Defendants.

Plaintiff objects to Defendants' failure to provide him with their bodily fluids and hair for DNA analysis. Plaintiff's objection lacks merit because there is no evidence in the record to compare any DNA results against. Although Plaintiff faults the Magistrate Judge for failing to order the United States Marshal's Service to retrieve supporting DNA evidence that is in the custody of a third-party, the burden is on Plaintiff, not the Court, to come forward with the evidence necessary to support his claim.

Plaintiff's objections as a whole are not well-taken. Plaintiff has not identified any errors in the R&R, nor has he identified any evidence that would be sufficient to create an issue of fact for trial.

After the R&R was issued, Plaintiff filed objections to Defendants' response to Plaintiff's discovery requests, and a motion for discovery. (Dkt. Nos. 138, 139.) Plaintiff's post-R&R filings are not only untimely, but Plaintiff has also failed to identify any facts he reasonably anticipates obtaining through discovery that would have been essential to his opposition to the motions for summary judgment. *See* Fed. R. Civ. P. 56(d). Plaintiff's objections and discovery request will accordingly be denied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 141) are **OVERRULED**.

**IT IS FURTHER ORDERED** the February 24, 2012, R&R (Dkt. No. 137) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 34, 80) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to Defendants' response to Plaintiff's discovery requests, and Plaintiff's motion for discovery (Dkt. Nos. 138, 139) are **DENIED AS MOOT**.

**IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.


Dated: March 16, 2012                             /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE